## BECK ET AL. *v.* VENABLE.

LANDLORD AND TENANT.—*Repairs by Tenant.*—*Contract.*—*Lien.*—*Trespass.*— Where the landlord of a tenant from year to year requests his tenant to make certain repairs, and agrees that the latter may pay himself therefor out of the former's share of a certain kind of crop yet to be raised by the tenant, which the landlord had a right to gather and remove, the latter can not hold a lien therefor on the former's share of a crop raised in a succeeding year; and a purchaser of the landlord's share of such crop is guilty of no trespass in removing the same.

From the Hamilton Circuit Court.

*D. Moss* and *T. P. Davis*, for appellants.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

PERKINS, J.—Willis Venable sued Beck and Teaster, charging in his complaint, that they broke and entered his close, and took and carried away and destroyed his corn, fences, etc., to his damage, etc

Answer of general denial.

Trial by jury; verdict for plaintiff, and judgment, over a motion for a new trial, on the verdict.

The causes in the motion for a new trial were, that the verdict was contrary to law, and unsustained by evidence, and that the court erred in giving and refusing instructions.

The only error assigned in this court is, that the court erred in refusing a new trial.

The evidence is in the record, and shows that Willis Venable, the plaintiff below, the appellee in this court, rented a farm of James O'Brien, giving him half the crop in the field. After he had thus occupied the farm for some three years, and while he was yet in possession, the farm was purchased by James M. Flanders, who told Venable, the tenant of O'Brien, to continue to occupy the farm upon the terms on which he held it under O'Brien. He did so. In the Spring of 1873, Flanders told Venable to fix up the fences upon the farm, and take his pay out of the corn crop. He repaired the fences, but did not take his pay out of the crop of that year. The crop was poor. In 1874 the crop was good, and Venable " cut up five acres of corn, and expected to keep Flanders' half for fixing the fences" in 1873. There had been no agreement between Venable and Flanders as to how much the former was to have for repairing the fences, nor about taking it out of the crop of 1874. The corn, by the terms of renting, was to be divided in the stalk, in the field. It was late in the Fall or early in the Winter when the defendants took the corn they had purchased from Flanders. Flanders had sold his half of the corn before Venable cut up the five acres. Beck and Teaster, in gathering, took and left half the rows of corn. They did not commence till after Venable had commenced gathering. Venable had never asserted a lien on the corn by special contract. This taking of the half of the corn purchased of Flanders is the trespass complained of in this suit.

The first question to be answered is, out of what crop

was Venable to take his pay for repairing fences? We think, clearly, out of the crop of 1873. The contract was made in the Spring; the crop of that year needed the protection of better fences. Venable was tenant from year to year; had no contract for a definite period; might leave, or be dispossessed by proper notice, at the end of the current year. 2 R. S. 1876, p. 339. This being the construction of the contract, it gave no lien upon the crop of 1874, and presented no obstacle to the sale by Flanders of his portion of the crop of that year.

The case was tried below on the theory that the contract, in the Spring of 1873, as to the fences, gave Venable a lien on the crop of 1874, which, as we have seen, was erroneous. This error ran through the entire trial, and affected the amount of the recovery. For example, the jury answered an interrogatory, as follows:

" Was there any contract made in or for the year 1874, between the plaintiff and James M. Flanders, by which said Venable was to have a lien on the crop of that year for work done in repairing the fences on said farm ? "

"Answer. Yes; by virtue of his tenancy from year to year."

Without stopping to criticise the form of this interrogatory, the jury answer an erroneous conclusion of law, which they drew from the belief, which was erroneous, that the plaintiff's tenancy from year to year necessarily, as matter of law, extended the operation of a contract made in one year over to and through succeeding years, upon the farm and crops of such years, without any stipulation to that effect, or that he should have the right to the continued occupancy for such years.

The recovery should not have included the value of appellants, corn.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings, etc.